Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH DESHON MCGEE,<br><br>Defendant. | NO. 3:97-cr-00092-HRH<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE** |

I.   **ORIGINAL SENTENCE**

Kenneth McGee, 23 years old at the time, was convicted by a jury of Conspiracy in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute in violation of § 841.  In September 1998, the trial court sentenced Mr. McGee to **188** months in prison based upon a Sentencing Guideline calculation.  At sentencing, Mr. McGee had a total offense level of **34**, which turned on amounts of crack and powder cocaine.  In criminal history category III, his sentencing range was **188-235** months. This sentence included a statutory minimum sentence of 120 months.

However, the onerous sentence of more than 12 years, which was perceived as effectively mandatory at the time, far exceeded the need for rehabilitation, deterrence and protection of the public presented by the young, disadvantaged defendant.

## II.   CHANGES IN THE LAW

At the time of sentencing, the crack guideline range was higher than at present. The original base offense level for Mr. McGee's drug offense was level **32**; with a **2-**level adjustment for obstruction, Mr. McGee netted **34** offense levels.

In addition, the guideline range for the drugs was considered mandatory in 2001, before <u>United States v. Booker</u>, 543 U.S. 220 (2005) directed the courts to consider the guidelines as advisory and 18 U.S.C. § 3553(a) as controlling.

Now, in the aftermath of the crack amendment to the Sentencing Guidelines, the base level would be level **30**; with the addition of **2** levels, the result would be a total offense level of **32** and a range of **151-168** months.

## III.   AUTHORIZATION FOR MODIFICATION

This court has jurisdiction to modify Kenneth McGee's sentence now under the plain language of 18 U.S.C. § 3582(c) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

>consistent with the applicable policy statements issued by the Sentencing Commission.

Each of the predicate conditions conferring jurisdiction are met in this case. Mr. McGee was sentenced in 1998 based on a guideline range that was lowered by the Sentencing Commission in November 2007. A reduction now is consistent with the policy statements recently issued by the Commission. The Sentencing Commission has determined that ameliorating the disparity between crack and powder cocaine should be made retroactive.

The Supreme Court's interpretation of the Sentencing Reform Act in United States v. Booker, 543 U.S. 220 (2005) applies to every component of the Act including Section 3582(c). Although Booker was presented as a constitutional case, the remedial portion of the opinion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires respectful consideration of the guideline ranges, but does not require adherence to the sentencing ranges or to policy statements. Booker, 543 U.S. at 262. See also, Kimbrough v. United States, 128 S.Ct. 558, 570-71 (2007) and Gall v. United States, 128 S.Ct. 586, 594 (2007).

The advisory nature of the guidelines applies to all aspects of the sentencing process including an initial sentencing, appellate review of a sentence and re-sentencing upon remand. See, Clark v. Martinez, 543 U.S. 371, 378 (2005).

## IV. REQUEST FOR HEARING AND RE-SENTENCING

It is the defense position that the offense level of Kenneth Deshon McGee should be reduced from 34 to 32, which would place him in the sentencing range of 151-188 months. Since the court originally considered Mr. McGee worthy of the low end of the guidelines, his drug sentence

now should be no greater than **151** months, and his drug sentence should be reduced **by at least 37 months**. The mandatory minimum sentence is not affected by the guideline changes. A sentence of **151** months would likely qualify Mr. McGee for immediate release from incarceration. Mr. McGee has been in prison since April 29, 1997.

The court at re-sentencing will consider the factors set forth in 18 U.S.C. § 3553(a). These factors also support a reduction in the drug sentence **to no more than 151 months**. Mr. McGee has applied himself in prison, taken courses, and succeeded beyond expectations. As the certificates attached to the motion attest (Exhibit B), Mr. McGee has completed courses in: parenting; anger management; writing; Microsoft Word, Excel, Access and WordPerfect; real estate mathematics; and Electric IB.

Mr. McGee has demonstrated that he has been rehabilitated, and that the public safety will be served by a slightly lower sentence than the appropriately reduced guideline range. The sentence of 151 months is, under 18 U.S.C. § 3553(a), "sufficient" for the statutory objectives, are "greater than necessary" for the purposes of 18 U.S.C. § 3553(a).

DATED at Anchorage, Alaska this 3rd day of March 2008.

Respectfully submitted,

/s/Mary C. Geddes
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     mary_geddes@fd.org

<u>Certification</u>:
I certify that on March 3, 2008, a copy of the ***Memorandum in Support of Motion to Reduce Sentence*** was served electronically on:

Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: <u>richard.pomeroy@usdoj.gov</u>

/s/Mary C. Geddes