Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>KENNETH DESHON MCGEE,<br><br>            Defendant. | NO. 3:97-cr-00092-HRH<br><br>**REPLY IN RESPONSE TO OPPOSITION TO MOTION TO REDUCE SENTENCE**<br><br>*Filed on Shortened Time* |

KENNETH DESHON MCGEE, the defendant, through Assistant Federal Defender Mary C. Geddes, files this written response to the pleading filed by the government attorney regarding and opposing his motion to reduce his sentence. Mr. McGee's goal is to clarify the issues presented to the district court.

Mr. McGee is eligible for a resentencing under 8 U.S.C. § 3582(c). As the circuit court has written,

> While § 3582(c)(2) proceedings do not constitute full resentencings, their purpose is to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines. The dichotomy drawn by the government, where full resentencings are

> performed under an advisory system while "reduction proceedings," or "modifications," rely on a mandatory Guideline system, is false. As discussed above, Booker [United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)] excised the statutes that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some cases but not in others. Booker, 543 U.S. at 263-66, 125 S.Ct. 738. Mandatory Guidelines no longer exist, in this context or any other.

United States v. Hicks, 472 F.3d 1167, 1171-72 (9th Cir. 2007).

Because of the amount of time that he already served for his pre-Booker sentence, Mr. McGee has not needed to enlarge his argument beyond his eligibility for an order reducing the term of imprisonment based on the retroactive amendment to the crack cocaine guidelines. (That amendment altered the base offense levels by two in Mr. McGee's case.) In Mr. McGee's case, the simple correction of the base offense level *for the prior disproportionate treatment of crack cocaine relative to powder cocaine*, has an enormous effect. And this is without any consideration of the section 3553(a) factors, such as youth, small stature, et cetera. Originally, this court had seen fit to give Mr. McGee a sentence at the low end of the relevant sentencing range, 188 months. Now the relevant sentencing range is lower. Assuming a *status quo ante*, then, the court's correction would result in a sentence of "only" 151 months' incarceration.

In making its argument against the court's correction of the base offense level, the government substantially relies upon the defendant's "prior conviction for attempted murder." In fact, as the Presentence Reports reflects, Mr. McGee was not convicted of attempted murder, but second-degree assault. It was his only criminal conviction, either as an adult or juvenile. His offense warranted only a sentence of eight months' incarceration.

But this is old news. This prior conviction, sentence, and his probationary status were fully considered by the sentencing court when it determined both the defendant's criminal history category (III) and its utilization of the low-end of the sentencing range.

The government's only remaining argument against allowing Mr. McGee the correction of the base offense level is that he had disciplinary violations while incarcerated. He did have some problems during the past eleven years, as institutional life is a tight, unforgiving ship. But Mr. McGee agreed with almost all of the findings and sanctions imposed. And, notably, **not even** the most serious violation – an assault which was his response to witnessing an unprovoked attack on his younger brother – resulted in new criminal charges.[1]

---

[1]

| Year | Issue | Sanction | McGee's comments |
|------|-------|----------|------------------|
| 1999 | Refused a work assignment once | He was removed from working for the food service and lost his commissary privileges for 7 days | Admitted |
| 2001 | Was involved in a fight | Lost 27 days of good time and spent 14 days in disciplinary segregation | Admitted |
| 2003 | Was involved in a fight | Lost 27 days of good time and spent 14 days in disciplinary segregation | Admitted |
| 2003 | Made an "Insolent remark to staff member" | Lost 13 days of good time | Admitted |
| 2003 | Was absent from a work assignment | Drew 10 extra hours of duty | Disputed |
| 2004 | Had a voucher for a commissary photo in his pocket, and which voucher belonged to someone else | Lost commissary privilege for 30 days | Disputed this because it was unintentional, hadn't realized voucher was in pocket. |
| 2005 | Assaulted another inmate with a broomstick, and possessed a dangerous weapon (broomstick) | Lost a total of 80 days of good time, spent sixty days in disciplinary segregation and forfeited 26 days of vested good time | Admitted. McGee saw his younger brother attacked from behind and hit in the head by two assailants who had "locks in socks" as weapons. |

Because of the length of his original sentence, Mr. McGee, a little guy, has been incarcerated in longterm prison facilities with among the most aggressive and violent of all offenders. In his current facility, Mr. McGee reports that there have been five murders in the last 14 months and nearly daily stabbings. Nevertheless, as established through the certificates filed with this court, Mr. McGee has applied himself well, especially over the past two and one-half years. He has applied himself, taking courses, and has succeeded.

At age 34, Mr. McGee is ready to begin real life. He is highly motivated to support and care for his son, and adamant that he will not resume a criminal lifestyle. He should be given the benefit of the correct sentencing guideline and the court's original treatment and sentenced to what is effectively a time-served disposition.

DATED at Anchorage, Alaska this 13th day of May 2008.

Respectfully submitted,

/s/Mary C. Geddes
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     mary_geddes@fd.org

Certification:
I certify that on May 13, 2008,
a copy of the *Reply in Response
to Opposition to Motion to Reduce
Sentence (Filed on Shortened Time)*
was served electronically on:

Aunnie Steward
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: richard.pomeroy@usdoj.gov

/s/Mary C. Geddes